IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| OUSMANE CISSE<br><br>Plaintiff,<br><br>v.<br><br>AHAD ENTERPRISE, INC.<br><br>Defendant | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## **COMPLAINT FOR DAMAGES**

COMES NOW Ousmane Cisse ("Plaintiff"), through his undersigned counsel, and files this lawsuit against Ahad Enterprise, INC. ("Defendant"), and shows the Court as follows:

## **NATURE OF COMPLAINT**

1.

Plaintiff brings this action to obtain full and complete relief for Defendant's failure to pay overtime wages as required by the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., ("FLSA").

## **JURISDICTION AND VENUE**

2.

The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331.

1

3.

Pursuant to 28 U.S.C. § 1391 and Local Rule 3.1(B)(1)(a), venue is proper in this Court because the unlawful employment practices described herein were committed within the Atlanta Division of the United States District Court for the Northern District of Georgia.

**PARTIES**

4.

Plaintiff is a permanent resident of the United States of America and a resident of the State of Georgia.

5.

Defendant is a corporation conducting business throughout the State of Georgia, including the Atlanta Division.

6.

Defendant may be served with process by delivering a copy of the Summons and Complaint to its registered agent Salman Badruddin at 13236 Bagley Passage, Duluth, Georgia 30097.

7.

Defendant is governed by and subject to 29 U.S.C § 206 and § 207.

8.

At all relevant times, Defendant engaged in interstate commerce, and had at least $500,000.00 in annual gross volume of sales made or business done.

9.

At all relevant times, Defendant was an "employer" as that term is defined by 29 U.S.C. § 203(d).

10.

At all relevant times, Defendant acted directly or indirectly in the capacity of an "employer" in relation to Plaintiff.

11.

At all relevant times, Plaintiff was an "employee" of Defendant as that term is defined by 29 U.S.C. § 203(e).

## STATEMENT OF FACTS

12.

Plaintiff worked for Defendant as a "Store Manager" from June 2, 2014 to January 24, 2015.

13.

During this period, Defendant misclassified Plaintiff as exempt from the overtime pay requirements of the FLSA.

14.

Despite Plaintiff's "Store Manager" job title, Plaintiff spent the overwhelming majority of his time performing non-exempt work.

15.

Plaintiff did not have the authority to hire and fire. During his employment, Plaintiff made two recommendations for hire, which were not relied upon.

16.

Plaintiff did not supervise two or more full-time employees or their equivalent.

17.

Plaintiff consistently worked more than forty (40) hours per week, but was not paid time and one-half his regular hourly rate of pay for any and all hours worked over forty (40) in a week.

17.

Defendant knew or had reason to know that Plaintiff was misclassified as exempt from the FLSA's overtime pay requirements.

18.

Unlike other Store Managers, Plaintiff did not have the authority to hire and fire employees; Plaintiff was required to perform a large amount of manual labor on a daily basis; and Plaintiff was micromanaged to the point of being told when and where to put up signs for special offers.

## COUNT ONE
## Fair Labor Standards Act
### (Failure to Pay Overtime Compensation)

19.

Plaintiff reasserts and incorporates by reference paragraphs 12 through 18 of this Complaint as if fully set forth herein.

20.

At all relevant times, Defendant violated the FLSA by failing to pay Plaintiff time and one-half his regular hourly rate of pay for all hours worked over forty (40) in a week.

21.

At all relevant times, Defendant purposefully misclassified Plaintiff as exempt in order to avoid paying Plaintiff overtime.

22.

At all relevant times, Defendant required, suffered and/or permitted Plaintiff to work more than forty (40) hours per week without paying Plaintiff overtime.

23.

Plaintiff's primary duty was not "management."

24.

At all relevant times, Plaintiff spent the overwhelming majority of his time performing manual labor.

25.

At all relevant times, Plaintiff did not supervise two or more full-time employees or their equivalent.

26.

At all relevant times, Plaintiff did not have the authority to hire, discipline, and fire employees.

27.

Defendant acted in willful disregarded of its obligations under the FLSA. Defendant knew or had reason to believe that Plaintiff was misclassified as exempt, and that Plaintiff was entitled to be paid overtime.

28.

Defendant failed to maintain accurate records of Plaintiff's actual work hours in violation of the FLSA's recordkeeping requirements.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury;

B. For a finding that Defendant violated Plaintiff's rights as set forth herein;

C. For a judgment in Plaintiff's favor for unpaid wages, liquidated damages, prejudgment interest on unpaid wages, and reasonable attorneys' fees and costs in accordance with the FLSA, 29 U.S.C. § 216, and all other legal and

equitable relief as may be appropriate to effectuate the purposes of the FLSA; and

D. For such other and further relief as this Court deems proper and just.

Date: June 3, 2015

                                             Respectfully submitted,

                                             SMITH LAW, LLC

                                    By:   /s/ Louise N. Smith
                                                 Louise N. Smith
                                                 Georgia Bar No. 131876
                                                 William J. Smith
                                                 Georgia Bar No. 710280
                                                 *Attorneys for Plaintiff*

P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

-
-

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff demands a trial by jury.

                                        Respectfully submitted

                                        SMITH LAW, LLC

                By:    /s/ Louise N. Smith
                            Louise N. Smith
                            Georgia Bar No. 131876
                            William J. Smith
                            Georgia Bar No. 710280
                            *Attorneys for Plaintiff*

P.O. Box 1396
Dacula, GA 30019
T: (678) 690-5299
F: (678) 889-2890
louise@smithlaw-llc.com
william@smithlaw-llc.com

## **FONT AND POINT CERTIFICATION**

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing **COMPLAINT FOR DAMAGES** was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B).

This 3rd day of June, 2015.

                                                Respectfully submitted,

                                                SMITH LAW, LLC

                                  By:   /s/ Louise N. Smith
                                                  Louise N. Smith
                                                  Georgia Bar No. 131876

## **CERTIFICATE OF SERVICE**

I hereby certify that I have caused or will cause service to issue upon the Defendant to this Action with the foregoing **COMPLAINT FOR DAMAGES** by personal service pursuant to Fed. R. Civ. P. 4. within the time allowed by Fed. R. Civ. P. 4(m).

This 3rd day of June, 2015.

                                              Respectfully submitted,

                                              SMITH LAW, LLC

                     By:    /s/ Louise N. Smith
                                     Louise N. Smith
                                     Georgia Bar No. 131876