# EXHIBIT "A"

## FLSA SETTLEMENT AGREEMENT AND RELEASE

THIS SETTLEMENT AGREEMENT AND RELEASE (the "Agreement") is entered into, as of the date of full execution of this Agreement, by and between Ahad Enterprise, Inc. ("Ahad" or the "Company") and Ousmane Cisse ("Cisse" or "Employee"). The Company and Cisse shall hereinafter be jointly referred to as the "Parties." The terms of this Agreement are the product of mutual negotiation and compromise between the Company and Cisse.

**WHEREAS,** Cisse was employed by the Company in the State of Georgia.

**WHEREAS,** Cisse has threatened to assert claims against the Company under the Fair Labor Standards Act (these actions shall be collectively referred to hereinafter as "the Dispute");

**WHEREAS,** The Company denies any wrongdoing or liability whatsoever;

**WHEREAS,** on May 26, 2015, the Parties participated in a confidential and private mediation at which they agreed to settle and amicably resolve the Dispute;

**IT IS THEREFORE,** agreed between the Company and Cisse, for the good and sufficient consideration set forth below and for other good and valuable consideration, the adequacy and sufficiency of which are acknowledged and agreed to, the Parties intending to be legally bound, covenant and agree as follows:

1. **Consideration.** In consideration for this Agreement and compliance with its terms:

    a.  Subject to approval of the terms of this Agreement by the United States District Court for the Northern District of Georgia, Ahad agrees to pay Employee a total of Eleven Thousand Dollars and Zero Cents ($11,400.00), to be apportioned and paid as follows:

    (i) Three Thousand Three Hundred Dollars and Zero Cents ($3,300.00) will be paid to Employee as back wages. Statutory withholdings and applicable taxes will be withheld from this amount. Ahad will issue an IRS Form W-2 to Employee for this wage portion of the payment. Ahad will deliver this payment to Smith Law LLC, Employee's counsel, within ten (10) business days of the date the Court approves the terms of this Agreement.

    (ii) Three Thousand Three Hundred Dollars and Zero Cents ($3,300.00) will be paid to Employee as liquidated damages and other consideration. No withholding or tax deductions will occur with regard to this payment. Ahad will issue an IRS Form 1099 to Employee for this non-wages portion of the payment. Ahad will deliver this payment to Smith Law LLC within ten (10) business days of the date the Court approves the terms of this Agreement.

1 of 4

_OC_
Employee Initials

Company's Initials

(iii) Four Thousand Four Hundred Dollars and Zero Cents $4,800.00) will be paid to Smith Law LLC as attorneys' fees and costs. No withholding or tax deductions will occur with regard to this payment. Ahad will issue IRS Form 1099s for this payment in accordance with applicable laws. Ahad will deliver this payment to Smith Law LLC within ten (10) business days of the date the Court approves the terms of this Agreement.

b. Ahad will deliver the foregoing payments to Smith Law LLC of record who, in turn, will ensure delivery to Employee.

c. Employee agrees to take all action necessary to seek approval of the terms of this Agreement by the United States District Court for the Northern District of Georgia.

2. **No Consideration Absent Execution of this Agreement.** Employee understands and agrees that he would not receive the monies and/or benefits specified in section "1" above, except for Employee's execution of this Agreement and the fulfillment of the promises contained herein.

3. **Release of Claims.**

Employee knowingly and voluntarily releases and forever discharges Ahad, its privies, parent corporation, affiliates, subsidiaries, divisions, predecessors, insurers, successors and assigns, and its current and former employees, owners, attorneys, officers, directors and agents thereof, both individually and in their business capacities, and its employee benefit plans and programs and their administrators and fiduciaries (collectively referred to as "Releasees"), of and from any and all claims, known and unknown, asserted or unasserted, which Employee has or may have against Releasees related to the payment of wages. This includes all claims under the Fair Labor Standards Act as well as any claims under state minimum wage laws, state wage payment and collection laws, state overtime statutes, state common law and unjust enrichment, and pursuant to express or implied wage contract claims. This release also includes any claim for recovery of attorney's fees or costs related to any released claim.

4. **Governing Law and Interpretation.** This Agreement shall be governed and conformed in accordance with the laws of Georgia. In the event of a breach of any provision of this Agreement, either party may institute an action specifically to enforce any term or terms of this Agreement and/or to seek any damages for breach. Should any provision of this Agreement be declared illegal or unenforceable by any court of competent jurisdiction and cannot be modified to be enforceable, excluding the release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.

2 of 4

_OC_
Employee Initials

_/V/_
Company's Initials

5. **Non-admission of Wrongdoing.** The Parties agree that neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by Releasees of wrongdoing or evidence of any liability or unlawful conduct of any kind, all such liability or responsibility being expressly denied.

6. **Amendment.** This Agreement may not be modified, altered or changed except in writing and signed by all Parties wherein specific reference is made to this Agreement.

7. **Entire Agreement.** This Agreement sets forth the entire agreement between the Parties hereto, and fully supersedes any prior agreements or understandings between the Parties, with the sole exception of the separate Settlement Agreement entered into contemporaneously herewith in connection with the settlement of the non-FLSA claims Employee has asserted against Ahad (hereinafter "Separate Settlement Agreement"). Employee acknowledges that Employee has not relied on any representations, promises, or agreements of any kind made to Employee in connection with Employee's decision to accept this Agreement, except for those set forth in this Agreement and in the Separate Settlement Agreement.

8. **Counterparts; Signature.** This Agreement may be executed in counterparts, and when each party has signed and delivered at least one such counterpart, each counterpart shall be deemed an original, and, when taken together with other signed counterparts, shall constitute one Agreement, which shall be binding upon and effective as to all parties. Signatures sent by facsimile machine or scanned signatures in Portable Document Format sent by email shall be deemed original signatures.

3 of 4

Employee Initials                                                                                           Company's Initials

EMPLOYEE IS ADVISED THAT EMPLOYEE HAS A REASONABLE AMOUNT OF TIME TO CONSIDER THIS AGREEMENT. EMPLOYEE IS ALSO ADVISED TO CONSULT WITH AN ATTORNEY PRIOR TO EMPLOYEE'S SIGNING OF THIS AGREEMENT AND CONFIRMS THAT HE HAS, IN FACT, CONSULTED WITH HIS ATTORNEY PRIOR TO SIGNING THIS AGREEMENT.

EMPLOYEE FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS AGREEMENT.

The Parties knowingly and voluntarily sign this Agreement as of the date(s) set forth below:

**Ousmane Cisse**

By: _Ousmane Cisse_ (signature)   Date: 6/01/2015
Ousmane Cisse

**Ahad Enterprise, Inc.**

By: _Salman Badruddin_ (signature)   Date: 6/2/2015
Salman Badruddin

4 of 4

_OC_
Employee Initials

_(signature)_
Company's Initials